UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------x
JOYCE GARGANO

            Plaintiff,

      - against -

MS ACQUISITION I, LLC d/b/a
Westchester Nursing and Rehabilitation Center
and/or d/b/a Westchester Center for
Rehabilitation and Nursing,
ALEX RAUZMAN, and MERRINDA CAESAR,

            Defendants.
----------------------------------------x

JUDGE KOELTL

06 CV 15471
Index No.

COMPLAINT


RECEIVED DEC 27 2006 U.S.D.C. S.D.N.Y. CASHIERS

     Plaintiff by her attorneys, the Law Offices of Jonathan Weinberger, as and for her complaint, respectfully alleges as follows:

## JURISDICTION AND VENUE

1. This is an action to remedy the failure of defendants to properly pay plaintiffs overtime at the rate of time-and-a-half as required by the Fair Labor Standards Act of 1938, as amended, 29 USC §201 et seq (the "FLSA"), for denial of benefits under the provisions of the employment retirement income security act ("ERISA"), 29 USC § 1001 et seq., including section 510 (29 USC section 1140), and for violations of the New York State Labor Law and the New York State Human Rights Law ("HRL").

2. Injunctive and declaratory relief, damages and other appropriate legal and equitable relief are sought pursuant to the above-referenced statutes.

3. Jurisdiction is conferred upon this Court by 29 USC §216 (b) of the Fair Labor Standards Act, by 28 USC §1331, as this action arises under the laws of the United States, and by 28 USC §1337, as this action arises under Acts of Congress regulating commerce. Additionally, under the principle of pendent jurisdiction, plaintiff claims failure of defendants to pay wages and benefits due and owing, pursuant to the New York State Labor Law §190 et seq., and §652(1); and for failure to pay plaintiff overtime at the rate of time-and-a-half as required by 12 NYCRR §142-2.2, for retaliation, in violation of New York State Labor Law §215, and for discrimination under the HRL.

4. Venue lies within this judicial district, as defendant corporation MS ACQUISITION 1, LLC is incorporated in Bronx County.

5. At or before the commencement of this action, notice thereof was served upon the New York

1

State Attorney General.

## PARTIES

6. Defendant MS ACQUISITION 1, LLC (hereinafter the "corporate defendant"), on information and belief is a New York corporation incorporated in the State of New York, Bronx County.
7. Upon information and belief the corporate defendant does business under the name of Westchester Nursing and Rehabilitation Center.
8. Upon information and belief the corporate defendant does business under the name of Westchester Center for Rehabilitation and Nursing.
9. Upon information and belief, Defendant Alex Rauzman, was as all relevant times the comptroller of the corporate defendant.
10. Upon information and belief, at all relevant times Defendant Rauzman has been a resident of Queens County, New York.
11. Upon information and belief, defendant MERRINDA CAESAR was at all relevant time the payroll manager of the corporate defendant.
12. Defendants Rauzman and Caesar are individually liable for the remedies sought by plaintiffs in this complaint under the FLSA and the Labor Law, and as otherwise set forth herein.
13. Defendants are an employer engaged in interstate commerce, and subject to the Fair Labor Standards Act (29 USC §201 et seq.) and to the New York State Labor Law (Labor Law §§190 et seq.)(652(1)).
14. At all times relevant and material herein, plaintiff was an employee of defendants within the meaning of the Act, 29 U.S.C. § 203(e)(1) and the Labor Law.
15. Defendants are engaged in the business of warehousing of goods traveling across state lines for interstate commerce.
16. Throughout her employment, defendants were engaged in services and duties essential to the movement of goods in interstate commerce.

## BACKGROUND FACTS

17. In or about 1992, defendants hired plaintiff.
18. Plaintiff was a non-exempt employee of defendants.
19. Plaintiff was not paid overtime rates during the periods that she worked more than 40 hours per week.
20. In or about August, 2006, defendants became aware of plaintiff's medical condition.
21. Said medical condition constituted a disability under the New York State Human Rights Law.
22. In or about August, 2006, plaintiff applied for medical benefits and coverage under a medical plan provided by the corporate defendant to its employees.
23. Plaintiff was fired on or about October 26, 2006.
24. Prior to being fired, plaintiff complained about violations of the Labor Law, including but not limited to the defendants' failure to pay overtime at time and one half and improper record keeping.

25. After plaintiff was fired, the corporate defendant failed to pay plaintiff severance payments, in violation of Erisa and Labor Law §190.
26. After plaintiff was fired, the corporate defendant failed to transfer to plaintiff the proceeds of her benefits under the corporate defendant's retirement benefits plan, in violation of ERISA.
27. As a result of defendants' discriminatory and unlawful acts and retaliatory acts, including but not limited to those described above, plaintiff has suffered and will continue to suffer monetary damages and damage unless and until this court grants relief.

## FIRST COUNT AGAINST ALL DEFENDANTS

28. Plaintiff repeats and re-alleges each allegation contained in each preceding paragraph of this complaint as though fully set forth herein.
29. Plaintiff did not receive overtime payment at the rate of time-and-a-half, in violation of the FLSA for work in excess of forty (40) hours per week.
30. Defendants' failure to pay plaintiff wages and overtime at the rate of time-and-a-half was willful.
31. As a result of the foregoing unlawful and/or wilful conduct on the part of the defendants, plaintiff has suffered and continues to suffer damages.

## SECOND COUNT AGAINST ALL DEFENDANTS

32. Plaintiff repeats and re-alleges each allegation contained in each preceding paragraph of this complaint as though fully set forth herein.
33. During the time that plaintiff was employed, plaintiff was denied overtime at the rate of time-and-a-half in violation of 12 NYCRR §142-2.2, the Labor Law and applicable regulations.
34. Defendants failed to pay plaintiff's severance benefits as required by the Labor Law.
35. As a result of the foregoing unlawful and/or wilful conduct on the part of the defendants, plaintiff has suffered and continues to suffer damages.

## THIRD COUNT AGAINST ALL DEFENDANTS

36. Plaintiff repeats and re-alleges each allegation contained in each preceding paragraph of this complaint as though fully set forth herein.
37. Plaintiff made complaints to defendants that defendants violated obligations under the Labor Law.
38. By reason of said complaints, plaintiff was subject to retaliation, including but not limited to discrimination, penalties, and discharge.
39. By reason of the above, defendants have violated Labor Law § 215.
40. As a result of the foregoing unlawful and/or wilful conduct on the part of the defendants, plaintiff has suffered and continues to suffer damages.

## FOURTH COUNT AGAINST THE CORPORATE DEFENDANT

41. Plaintiff repeats and re-alleges each allegation contained in each preceding paragraph of this complaint as though fully set forth herein.

42. Plaintiff was entitled to be a "participant" under defendant's employee benefit plans as defined by ERISA.
43. Defendants are engaged in an industry or activity affecting commerce within the meaning of 29 USC section 1002 (5) and (12) and defendant is both the "plan sponsor," 29 USC section 1002 (16) (A) and the "plan administrator," 29 USC section 1002 (16)(B) of defendant's employee benefits plan.
44. All of defendant's plans described are employee benefit plans within the meaning of ERISA.
45. Defendant unlawfully deprived plaintiff of medical benefits, retirement benefits and severance benefits.
46. Pursuant to 29 USC section 1001 et seq., defendant's termination of plaintiff was pretextual and purposely interfered with plaintiff's right to health benefits under the defendant's employee benefit plan.
47. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of defendants' discriminatory practices, unless and until this court grants relief.

### FIFTH COUNT AGAINST THE CORPORATE DEFENDANT

48. Plaintiff repeats the allegations set forth above with the same force and effect as if set forth herein.
49. The above acts and practices of defendants constitute unlawful discriminatory employment practices based on disability and/or perceived disability within the meaning of the New York State Human Rights Law.
50. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of defendants' discriminatory practices, unless and until this court grants relief.

WHEREFORE, plaintiff requests this Court enter a judgement in favor of plaintiff and against defendants:

On The Fair Labor Standards Act Causes of Action
1. Declaring defendants violated the Fair Labor Standards Act (29 Code USC §201 et seq.) during the period of plaintiff's employment;
2. Declaring defendants' violation of the Fair Labor Standards Act was willful;
3. Awarding plaintiff actual and compensatory damages in the amount shown to be due for unpaid overtime compensation, with interest;
4. Awarding plaintiff an equal amount in liquidated damages; and
5. Awarding Plaintiff costs and reasonable attorneys' fees, and interest, together with such other and further relief as to the Court seems just and proper.

On the New York State Labor Law Counts:
1. Declaring defendants violated the New York State Labor Law;
2. Restraining defendants from violating the Labor Law;
3. Declaring that defendants' violation of the New York State Labor Law was willful;
4. Awarding plaintiff actual and compensatory damages in the amount shown to be due for

4

unpaid overtime compensation, and severance with interest;
5. Finding that defendants' refusal to pay plaintiff the required correct wages was willful, and awarding plaintiff an additional amount as liquidated damages equal to twenty five (25%) percent of the total amount of wages found to be due;
6. Pursuant to Labor Law § 215, an order for all appropriate relief, including but not limited to rehiring or reinstatement of the plaintiff to her former positions with restoration of seniority, payment of lost compensation and benefits, monetary damages, and reasonable attorneys' fees.
7. Awarding plaintiff reasonable attorney's fees, costs and interest, together with such other and further relief as to the Court seems just and proper.

On the Erisa Count and New York Human Rights Law Counts:
1. Award a money judgment in favor of the Plaintiff and against defendants in an amount to be determined at trial for: (a) all pecuniary losses including back pay and lost fringe and pension benefits which Plaintiff has incurred from the date of her employment to the date of trial; (b) a further sum representing Plaintiff's front pay losses from date of trial to her anticipated date of retirement as a result of being wrongfully discriminated against; and (c) all other sums now due to Plaintiff and as computed with interest from the time of plaintiff's employment until the date of trial.
2. Award full equitable relief under ERISA (29 USC section 1001 et seq.), including back pay, reinstatement to plaintiff's position as an employee of defendant, restitution of plaintiff's lost employee benefits, restoration of plaintiff' a seniority, and prejudgment interest.
3. Award a money judgment, in an amount to be determined at trial, as compensatory damages under the HRL, for the mental distress, anguish, pain and suffering experienced by Plaintiff as a result of Defendants' discriminatory and intentional acts.
4. Award plaintiff the costs of this action together with reasonable attorneys' fees, pursuant to ERISA.
5. Award such other and further monetary relief as to the Court may seem just and proper in the circumstances.

## DEMAND FOR A TRIAL BY JURY

Pursuant to Rule 38 (b) of the Federal Rules of Civil Procedure, plaintiff demands a trial by jury.

Dated: New York, New York
December 26, 2006

Law Offices of Jonathan Weinberger
Attorneys for Plaintiff

BY: _____
Jonathan Weinberger (JW-2425)
880 Third Avenue, 13th Fl.
New York, New York 10022

5